FILED
SUPERIOR COURT
OF GUAM

2021 NOV 16 PM 4: 16

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0602-20**<br>GPD Report Nos. 20-29988 / 20-30068 |
| v. | |
| BERNARD JOEL MENO MUNA<br>(*aka* **Bernard Joel Muna**),<br>DOB: 08/16/1985 | **DECISION AND ORDER**<br>**GRANTING THE PEOPLE'S AMENDED**<br>**MOTION TO REVOKE PROBATION** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on September 1, 2021 for hearing on the People of Guam's ("the People's") Amended Motion to Revoke Probation ("Amended Motion"). Assistant Attorney General Renaida San Nicolas represents the People, and Assistant Public Defender Zachary Taimanglo represents Bernard Joel Meno Muna (*aka* Bernard Joel Muna) ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the People's Amended Motion.

### BACKGROUND

On June 7, 2021, a Judgement of Conviction was entered against Defendant based on his guilty plea to the offenses of Charge One: Criminal Mischief (as a 3rd Degree Felony) (*Two Counts*) and Family Violence (as a Misdemeanor), *as a lesser-included offense* to Charge Two: Family Violence (as a 3rd Degree Felony). Judgement of Conviction (Jun. 9, 2021). Defendant was sentenced to five (5) years incarceration, all but six (6) months suspended. Id. Defendant was also sentenced to three (3) years of supervised probation, during which the first six (6) months he would be subject to electronic monitoring ("EM"). Id.

Decision and Order Granting The People's Amended Motion To Revoke Probation
CF0602-20, *People of Guam v. Bernard Muna*
Page **1** of 7

It is important to note that the Court agreed to accept the Plea Agreement entered into between the parties which significantly reduced the charges in the Indictment from 2 counts of Criminal Mischief (As a 3rd Degree Felony) with a *Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony* and Family Violence (As a 3rd Degree Felony) with with a *Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony* down to Criminal Mischief (as a 3rd Degree Felony) (*Two Counts*) and Family Violence (as a Misdemeanor), *as a lesser-included offense* to Charge Two: Family Violence (as a 3rd Degree Felony). The Plea Agreement also dismissed the allegations of the enhancement provisions of Possession or Use of a Deadly Weapon in the Commission of a Felony. Concerned with the reduced charges, and in order to ensure that the victims were notified of the provisions of the plea and given an opportunity to address the Court, the Court held several hearings before accepting the Plea. *See Change of Plea Hrgs.* on June 2, 2021, June 3, 2021 and June 7, 2021.

During the hearing on June 3, the Court indicated to the parties that it would accept the Defendant's pleas to 2 counts of Criminal Mischief (as a 3rd Degree Felony) and 2 counts of Family Violence (As a Misdemeanor) if the Defendant would agree to being placed on EM for the first six (6) months of his three (3) year probationary period. The Court then continued the hearing to June 7 in order that Defendant could speak with Defense Counsel about the Court's conditions. At the June 7 hearing, the Court addressed Defense Counsel and asked whether he had an opportunity to speak with Defendant and whether Defendant wished to proceed with the Plea Agreement with the additional 6-months of EM monitoring. Defendant indicated he wished to proceed with the conditions. Change of Plea Hrg. at 9:19:00 AM to 9:19:07 AM; 9:23:59 AM to 9:25:00 AM.

The Court further cautioned Defendant that should there be any violations of the EM program, Defendant would be immediately remanded to the Department of Corrections until his hearing on the violation. Defendant expressed his desire to proceed with the plea agreement as modified. Id. at 9:23:51 AM to 9:25:00.

On June 11, 2021, a Violation Report was filed by the Probation Services Division stating that Defendant failed to comply with the terms of his EM program. 1st Violation Report (Jun. 11, 2021). Defendant failed to charge his EM anklet, resulting in a dead battery. Id. This is out of

Decision and Order Granting The People's Amended Motion To Revoke Probation
CF0602-20, *People of Guam v. Bernard Muna*
Page 2 of 7

compliance with the condition of Defendant's EM program. Id. This is also not the first time that Defendant violated EM conditions, as he improperly left his residence and again failed to charge his EM anklet on May 25, 2021. Probation Supplemental Violation Summary and Request for Warrant (May 26, 2021).

On June 29, 2021, the People filed their Motion to Revoke Probation ("Motion"). The People argued that Defendant's probation should be revoked because Defendant violated a "substantial requirement imposed" on his probation. Motion at 3 (Jun. 29, 2021). The People also argued that Defendant demonstrated an inability to comply with future court orders because this violation came within one week of him entering his plea. Id. at 4.

On June 30, 2021, the Court held a Revocation Hearing. However, the Revocation Hearing was continued to a future date after it became known that Probation made additional filings earlier that day. Minute Entry (Jun. 30, 2021). An Amended First Violation Report alleges: (1) that Defendant failed to comply with the conditions of the EM program by failing to charge his EM anklet and that "this is not the first incident for the Defendant failing to charge his EM anklet," and (2) that that Defendant failed to obey the reasonable instructions of Probation Officers by physically resisting when they attempted to take him into custody for violating his EM conditions. Amended 1st Violation Report (Jun. 30, 2021). A Second Violation Report was also filed, indicating that Defendant failed to refrain from possessing illegal controlled substances and failed to allow Probation Officers to search his person for weapons and illegal controlled substances. Second Violation Report (Jun. 30, 2021).

On July 9, 2021, the People filed their Amended Motion to Revoke Probation. The People reiterated their request to revoke Defendant's probation, classifying both of Defendant's failure to comply with the EM program and failure to permit the Probation Officers to search his person as substantial violations of his probation. Amended Motion at 4-5 (Jul. 9, 2021).

On July 23, 2021, Defendant filed his Opposition to People's Amended Motion ("Opposition"). Defendant argued that even if the Violation Reports were taken as true, revocation of his probation is not appropriate since it would not satisfy the ends of justice or be in the best interests of the public. Opposition at 3 (Jul. 23, 2021).

Decision and Order Granting The People's Amended Motion To Revoke Probation
CF0602-20, *People of Guam v. Bernard Muna*
Page 3 of 7

The Court held the Revocation Hearing on September 1, 2021. During the hearing, the Defendant admitted to the Amended First Violation of June 30, 2021, for failing to comply with the EM program mandates as well as for failing to obey the reasonable instructions of Probation Officers when executing the Court's bench warrant by physically resisting his arrest pursuant to the warrant. Revocation Hrg. (Sep. 1, 2021). Defendant also admitted to that portion of the Second Violation filed on June 30, 2021, for failing to submit to demands to search his person by law enforcement. *Id.* Defendant declined, under advice of counsel, to answer to the possession of illegal controlled substances. Id. at 2:44:35 PM to 2:47:55 PM. The Court found that all of the conduct alleged in the Amended 1st Violation and the Second Violation, to which Defendant admitted, are violations of his probation conditions pursuant to the Plea Agreement (June 9, 2021) and Judgment of Conviction (June 9, 2021). After hearing the arguments of the parties, the Court took the matter under advisement pursuant to Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court.

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

Decision and Order Granting The People's Amended Motion To Revoke Probation
CF0602-20, *People of Guam v. Bernard Muna*
Page 4 of 7

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated substantial conditions of his probation and that there was probable cause to support these violations. Multiple Violation Reports detail Defendant's failures to abide by his EM conditions, to obey the reasonable instructions of Probation Officers, and to allow Probation Officers to search his person for weapons and illegal controlled substances. *See* Amended First Violation Report (Jun. 30, 2021); Second Violation Report (Jun. 30, 2021). Defendant specifically agreed to each of these conditions as part of his change of plea. *See* Judgement of Conviction (Jun. 9, 2021).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating numerous conditions of his probation, both before and after adjudication. Defendant was aware of these conditions, specifically agreeing to each of them in court while changing his plea. Moreover, the Court expressed several times, both prior to taking his plea

Decision and Order Granting The People's Amended Motion To Revoke Probation
CF0602-20, *People of Guam v. Bernard Muna*
Page 5 of 7

agreement over the course of three separate hearings, that it was of utmost importance that Defendant comply with *all* requirements of the EM program. He is not a stranger to the program and he had an opportunity to reject the Court's additional requirements and to proceed with trial. The Court points out that Defendant claimed that there were "significant questions" as to whether the People could satisfy its burden of proof as to the charges. See Change of Plea Hrg. June 3, 2021. Therefore, Defendant had the chance to reject the Court's modifications to the conditions of the Plea Agreement and specifically to the 6 month post-plea EM supervision. However, the Defendant knowingly and voluntarily agreed to enter his guilty pleas and be sentenced accordingly.

Despite agreeing to the modification and acknowledging that *any* violation of the EM program would result in his remand (and by the terms of his plea, to revocation), the Defendant violated multiple conditions of probation *within one (1) week* of changing his plea. The fact that these violations occurred within days of his change of plea is a strong indication that Defendant did not intend to follow through on these conditions. Moreover, when probation officers attempted to take Defendant into custody pursuant to the Court's bench warrant, Defendant resisted and a struggle ensued. Were the Court to simply sanction the Defendant by imposing a few months' time in detention, given that Defendant's history of noncompliance is a reliable indicator of future performance, it appears highly unlikely that Defendant would comply with the conditions of his probation and this Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA § 80.66(a)(2).

//

//

//

Decision and Order Granting The People's Amended Motion To Revoke Probation
CF0602-20, *People of Guam v. Bernard Muna*
Page **6** of 7

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Bernard Joel Meno Muna's (*aka* Bernard Joel Muna's) probation in the above-captioned matter. A Sentencing Hearing shall be held on ___January 14, 2022___, 2022, at __9:30am__.m. in order to impose the sentence as set forth in the Plea Agreement and Judgment following this Revocation.

**IT IS SO ORDERED** this ___NOV 15 2021___.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___AG, PDSC___

Date: _11/16/21_ Time: _4:2 pm_
_al_
Deputy Clerk, Superior Court of Guam

Decision and Order Granting The People's Amended Motion To Revoke Probation
CF0602-20, *People of Guam v. Bernard Muna*
Page 7 of 7